UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

-v.- :

NIKOLAY GARIFULIN, :
a/k/a "Robert,"
a/k/a "Lera," :
a/k/a "Valeriy,"
KASUM ADIGYUZELOV, :
a/k/a "Kostya,"
a/k/a "Konstantin," and :
MAXIM MIROSHNICHENKO,
a/k/a "Petr Iankov," :
a/k/a "Denis Lanin,"

Defendants. :

- - - - - - - - - - - - - - - - - - x

INDICTMENT

S2 10 Cr. 928 (VM)

...CALLY FILED
DOC #:
DATE FILED: DEC 06 2010



COUNT ONE
(Conspiracy to Commit Bank Fraud)

The Grand Jury charges:

Relevant Financial Institutions

1. At all times relevant to this Indictment, Bank of America Corporation ("Bank of America"), the bank deposits of which were insured by the Federal Deposit Insurance Company ("FDIC"), was a financial services company with headquarters in Charlotte, North Carolina.

2. At all times relevant to this Indictment, TD Bank N.A. ("TD Bank"), the bank deposits of which were insured by the FDIC, was a financial services company with offices in Cherry Hill, New Jersey.

3. At all times relevant to this Indictment, JPMorgan Chase & Co. was a financial services company

headquartered in New York, New York. JP Morgan Chase & Co. provided a broad range of banking and non-banking financial services and products both within and outside of the United States. Among the subsidiaries of JPMorgan Chase & Co. was JPMorgan Chase Bank, N.A. ("Chase"), the deposits of which were insured by the FDIC.

The Scheme to Defraud

4. At all times relevant to this Indictment, NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," and MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendants, were Russian nationals and participants in a scheme to defraud banks and businesses in the United States of at least $3 million. The fraudulent scheme had two components. First, computer hackers located in Eastern Europe used a malicious computer program to obtain access to the bank accounts of small and mid-sized businesses and municipal entities in the United States (the "Victim Accounts"). This malicious program, known as the "Zeus Trojan" or "Zeus Virus," was designed to steal computer access data, such as usernames and passwords, for, among other things, bank accounts, e-mail accounts, and social networking websites. The Zeus Trojan typically infected a victim's computer when the victim clicked on a link, or opened a file, that was attached to a seemingly legitimate e-mail message (known as a "phishing attack"), but which was actually an e-mail

message sent by computer hackers for the purpose of infecting the victim's computer. Once installed, the Zeus Trojan allowed computer hackers to secretly monitor the victim's computer activity, recording, among other things, the victim's bank account numbers, passwords, and authentication information as they were typed by the victim into the infected computer to access online banking websites, among other things. The stolen bank account data was then used to fraudulently transfer funds out of the Victim Accounts. The Zeus Trojan compromised dozens of Victim Accounts.

5. At all times relevant to this Indictment, and in furtherance of the scheme to defraud, individuals, known as "money mules" or "mules," were recruited to open bank accounts in the United States, often with fake passports, but sometimes under their own names (the "Mule Accounts"), to receive fraudulent wire transfers from the Victim Accounts. Once the wire transfers were received in the Mule Accounts, the mules withdrew the fraudulently-acquired funds and distributed them to other members of the conspiracy, keeping a portion for themselves.

6. At all times relevant to this Indictment, and in furtherance of the scheme to defraud, a group of individuals in Eastern Europe and in the United States (the "Mule Organization") recruited the money mules to open Mule Accounts in the United States, into which funds were fraudulently wired

from the Victim Accounts. The Mule Organization typically recruited individuals from Eastern Europe, who were either planning to travel to, or were already present in, the United States on J1 visas - non-immigrant visas that allow foreigners to visit the United States - to serve as mules. A program of the U.S. Department of State allowed foreign students to visit the United States during the summer to, among other things, work, travel, and gain cultural experience. Once in the United States, the mules were provided with fake foreign passports by the organizers of the Mule Organization, which the mules used to open Mule Accounts, typically at, among other banks, TD Bank, Bank of America, and Chase. Anywhere from several days to several weeks after the Mule Accounts were opened, other participants in the fraudulent scheme used stolen account information to transfer money from the Victim Accounts to the Mule Accounts, typically in amounts close to $10,000. Once the transfers were complete, the mules quickly withdrew the money from the Mule Accounts before the fraud could be detected by the victims or the banks. The mules kept a portion of the fraudulent proceeds for themselves - usually eight to ten percent - and transferred the rest to other participants in the fraudulent scheme. During the course of the scheme, mules working for the Mule Organization opened hundreds of Mule Accounts.

7. From at least in or about June 2010 up to and including in or about September 2010, and in furtherance of the scheme to defraud, NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," the defendant, participated in the Mule Organization by, among other things, collecting the fraudulently-obtained proceeds that had been withdrawn by money mules from the Mule Accounts in the United States and transporting those proceeds back to Eastern Europe. Also in furtherance of the scheme to defraud, GARIFULIN arranged for fake passports to be transferred to mules in the United States from Eastern Europe.

8. From at least in or about December 2009 up to and including in or about July 2010, and in furtherance of the scheme to defraud, KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," the defendant, participated in the Mule Organization by, among other things, recruiting money mules to open Mule Accounts, assisting money mules to obtain fake and fraudulent passports, instructing money mules on how to open Mule Accounts, directing money mules regarding when and how to withdraw funds from the Mule Accounts, and collecting the fraudulently-obtained proceeds that had been withdrawn by money mules from the Mule Accounts. In total, several hundreds of thousands of dollars in fraudulent wire transfers from Victim Accounts were received into the Mule Accounts that were opened by mules that ADIGYUZELOV recruited and supervised.

9. From at least in or about June 2010, up to and including in or about August 2010, and in furtherance of the scheme to defraud, MAXIM MIROSCHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendant, was a money mule for the Mule Organization.

Statutory Allegations

10. From at least in or about December 2009, up to and including at least in or about September 2010, in the Southern District of New York and elsewhere, NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," and MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendants, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1344.

11. It was a part and an object of the conspiracy that NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," and MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendants, together with others known and unknown, unlawfully, willfully, and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain the

moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

Overt Acts

12. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. From in or about December 2009, up to and including in or about July 2010, a co-conspirator not named as a defendant herein ("CC-1"), opened accounts, under CC-1's own name and under false names with fake foreign passports, at TD Bank, Bank of America, and Chase, including a TD Bank branch in the Bronx, New York, into some of which money was later transferred, without authorization, from Victim Accounts.

b. In or about May 2010, KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," the defendant, recruited other co-conspirators not named as defendants herein ("CC-3" and "CC-4") to open accounts, under CC-3's and CC-4's own names and under false names, using fake foreign passports, at branches of TD Bank, Bank of America, and Chase, including a TD Bank branch in New York, New York.

c. From in or about May 2010, up to and including in or about July 2010, KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," the defendant, instructed CC-4 on how to open Mule Accounts, referred CC-4 to someone who created fake foreign passports using photographs of CC-4, informed CC-4 that funds had been wired to CC-4's Mule Account at Chase, drove CC-4 to a Chase branch to withdraw money from CC-4's Mule Account and received the funds that CC-4 had withdrawn from CC-4's Mule Account.

d. From in or about June 2010, up to and including in or about July 2010, another co-conspirator not named as a defendant herein ("CC-2") and CC-3 opened accounts, under CC-2's and CC-3's own names and under false names with fake foreign passports, at TD Bank, Bank of America, and Chase, including a TD Bank branch in New York, New York, into some of which money was later transferred, without authorization, from Victim Accounts.

e. On or about June 28, 2010, MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendant, received an unauthorized electronic transfer of approximately $12,000 from a Victim Account to an account under MIROSHNICHENKO's name at the Bank of America.

f. On or about August 2, 2010, MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendant, used an ATM in New York, New York, to check the

balance in an account that he had previously opened at Wachovia Bank using a fake foreign passport issued in the name of "Petr Iankov."

g. In or about August 2010, NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," the defendant, traveled on a flight from John F. Kennedy Airport in Jamaica, New York to Moscow, Russia, carrying approximately $100,000 in fraudulently-obtained proceeds.

(Title 18, United States Code, Section 1349.)

COUNT TWO

(Conspiracy to Possess False Identification Documents)

The Grand Jury further charges:

13. The allegations set forth in paragraphs 1 through 9 are re-alleged as if fully set forth herein.

Statutory Allegations

14. From in or about at least December 2009, up to and including in or about September 2010, in the Southern District of New York and elsewhere, NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," and MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendants, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1028(a)(3) & (b)(1)(B).

15. It was a part and an object of the conspiracy that NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," and MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, in an offense affecting interstate and foreign commerce, would and did possess with intent to use unlawfully five and more identification documents not issued lawfully for the use of the possessor, authentication features, and false identification documents, and would and did transfer unlawfully five and more identification documents not issued lawfully for the use of the possessor, authentication features, and false identification documents, in violation of Title 18, United States Code, Sections 1028(a)(3) & (b)(1)(B).

Overt Acts

16. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. From in or about December 2009, up to and including in or about July 2010, CC-1 opened accounts, under CC-1's own name and under false names with fake foreign passports, at TD Bank, Bank of America, and Chase, including a TD Bank

branch in the Bronx, New York, into some of which money was later transferred, without authorization, from Victim Accounts.

b. In or about May 2010, KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," the defendant, recruited CC-3 and CC-4 to open accounts, under CC-3's and CC-4's own names and under false names, using fake foreign passports, at branches of TD Bank, Bank of America, and Chase, including a TD Bank branch in New York, New York.

c. From in or about May 2010, up to and including in or about July 2010, KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," the defendant, instructed CC-4 on how to open Mule Accounts, referred CC-4 to someone who created fake foreign passports using photographs of CC-4, informed CC-4 that funds had been wired to CC-4's Mule Account at Chase, drove CC-4 to a Chase branch to withdraw money from CC-4's Mule Account and received the funds that CC-4 had withdrawn from CC-4's Mule Account.

d. From in or about June 2010, up to and including in or about July 2010, CC-2 and CC-3 opened accounts, under CC-2's and CC-3's own names and under false names with fake foreign passports, at TD Bank, Bank of America, and Chase, including a TD Bank branch in New York, New York, into some of which money was later transferred, without authorization, from Victim Accounts.

e. On or about August 2, 2010, MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendant, used an ATM in New York, New York, to check the balance in an account that he had previously opened at Wachovia Bank using a fake foreign passport issued in the name of "Petr Iankov."

f. In or about August 2010, NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," the defendant, traveled on a flight from John F. Kennedy Airport in Jamaica, New York to Moscow, Russia, carrying approximately $100,000 in fraudulently-obtained proceeds.

(Title 18, United States Code, Section 1028(f).)

FORFEITURE ALLEGATION

17. As a result of committing one or more of the offenses alleged in Counts One and Two of this Indictment, NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," and MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations, including but not limited to the proceeds obtained as a result of the said offenses, for which the defendants are jointly and severally liable.

18. As a result of committing the offense alleged in Count Two of this Indictment, NIKOLAY GARIFULIN, a/k/a "Robert," a/k/a "Lera," a/k/a "Valeriy," KASUM ADIGYUZELOV, a/k/a "Kostya," a/k/a "Konstantin," and MAXIM MIROSHNICHENKO, a/k/a "Petr Iankov," a/k/a "Denis Lanin," the defendants, shall further forfeit to the United States, pursuant to 18 U.S.C. § 1028(h), any and all illicit authentication features, identification documents, document-making implements and means of identification.

Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. §§ 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any

other property of said defendants up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 982, 1349, and 1028, and Title 21, United States Code, Section 853.)

FOREPERSON

PREET BHARARA
United States Attorney

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

NIKOLAY GARIFULIN,
a/k/a "Robert,"
a/k/a "Lera,"
a/k/a "Valeriy,"

KASUM ADIGYUZELOV,
a/k/a "Kostya,"
a/k/a "Konstantin,"

and

MAXIM MIROSHNICHENKO,
a/k/a "Petr Iankov,"
a/k/a "Denis Lanin,"

Defendants.

---

# INDICTMENT

S2 10 Cr. 928 (VM)

18 U.S.C. §§ 1349, 1028(f)

PREET BHARARA
United States Attorney

**A TRUE BILL**

______________________________
Foreperson.

---

12/6/10 Filed Superseding 2 Ind. [illegible signature]